CHRISTOPHER A. STECHER, CASB No. 215329
christopher.stecher@kyl.com
MICHELLE L. ABDOLHOSSEINI, CASB No. 318028
michelle.abdolhosseini@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
CAMPBELL SOUP SUPPLY COMPANY LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENISH WALLICK, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CAMPBELL SOUP SUPPLY COMPANY L.L.C., a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

　　　　PLEASE TAKE NOTICE that Defendant CAMPBELL SOUP SUPPLY COMPANY, LLC ("Defendant") hereby provides Notice of Removal based on diversity, pursuant to 28 U.S.C. § 1332, 1441 and 1446 and hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of San Joaquin, to the United States District Court for the Eastern District of California. Defendant asserts that jurisdiction exists as follows:

## PROCEDURAL BACKGROUND

　　　　1.　　On November 16, 2021, Plaintiff GLENISH WALLICK ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Joaquin, thereby

- 1 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 -
Case No. _____

KYL4882-8755-3030.1

commencing a civil action entitled *Glenish Wallick v. Campbell Soup Supply Company LLC, and DOES 1 through 100, Inclusive*, Case No. STK-CV-UVVT-2021-0010590 (the "State Court Action") against Defendant. A true and correct copy of the Summons and Complaint, is attached as Exhibit "1." *See* Declaration of Michelle L. Abdolhosseini in Support of Notice of Removal ("Abdolhosseini Decl."), ¶ 3.

2. Plaintiff's Complaint purports to allege claims for (1) disability discrimination in violation of the FEHA (Cal. Gov. Code §§ 12940, *et seq.*); (2) failure to accommodate in violation of the FEHA (Cal. Gov. Code § 12940(m)); (3) failure to engage in a good faith interactive process in violation of the FEHA (Cal. Gov. Code § 12940(n)); (4) failure to take reasonable steps to prevent discrimination, retaliation in the work place in violation of the FEHA (Cal. Gov. Code § 12940(k)); (5) retaliation in violation of the FEHA (Cal. Gov. Code § 12940(h)); and (6) wrongful termination in violation of public policy and FEHA (Cal. Gov. Code §§ 12940, *et seq.*). *See* Complaint, generally.

3. Defendant was served with the Complaint on November 22, 2021. *See* Exhibit "2" to Abdolhosseini Decl., ¶ 4.

4. Defendant answered the Complaint on December 22, 2021. *See* Exhibit "3" to Abdolhosseini Decl., ¶ 5.

5. Defendant now removes this action under 28 U.S.C. §§ 1332(a) and 1441 (b) on the grounds that complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. In accordance with 28 U.S.C. § 1446(a), "all summons, pleadings, and orders" served upon Defendant in the State Court Action are attached hereto as Exhibits "1"–"3." *See* Abdolhosseini Decl., ¶¶ 3–5.

**JURISDICTIONAL BASIS FOR REMOVAL - DIVERSITY**

7. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332. Diversity jurisdiction exists to provide a

- 2 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 – Case No. _____

KYL4882-8755-3030.1

"neutral" forum in cases where one or more of the parties is a citizen of another state or country and to protect against local prejudice in state courts. *See Asher v. Pac. Power & Light Co.*, 249 F. Supp. 671, 674 (N.D. Cal. 1965). Here, the District Court has original jurisdiction because complete diversity exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8.   Plaintiff is an individual with residence in the State of California. *See* Complaint, ¶ 1, attached as Exhibit "1"; *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence is a factor in domicile for diversity jurisdiction).

9.   Defendant Campbell Soup Supply Company is a Delaware limited liability company. *See* Declaration of Janet Foote in Support of Notice of Removal ("Foote Decl."), ¶ 3. Its single member is Campbell MFG1 Company, a corporation registered under the laws of the State of Delaware with its principal place of business in New Jersey. *See* Foote Decl., ¶ 3. The citizenship of a limited liability company is determined by the citizenship of its members such that the limited liability company is a citizen of every state of which its owners or members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, Defendant is not a citizen of the State of California.

10.   Although fictitiously designated defendants are referred to in the Complaint, such fictitious defendants are to be disregarded for purposes of this petition. 28 U.S.C. § 1441(b)(1).

11.   Because Plaintiff is a citizen of California and Defendant is not a citizen of California (but rather a citizen of Delaware and New Jersey), the citizenship of all parties is diverse.

### THE AMOUNT IN CONTROVERSY IS SATISFIED

12.   The amount in controversy exceeds $75,000. As identified in Plaintiff's Complaint, Plaintiff seeks judgment for: (1) compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts; (2) punitive damages; (3) attorney's fees; and (4) damages for "other consequential

- 3 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 –
Case No. _____

KYL4882-8755-3030.1

damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants." *See* Complaint, at ¶ 21(c), and pp. 12–13, ¶¶ 1–6.

13. Although Plaintiff does not allege a specific dollar amount of damages in her Complaint, the action may nevertheless be removed because the preponderance of evidence demonstrates that the amount in controversy more likely than not exceeds the jurisdictional limit of $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); 28 U.S.C. § 1446(c)(2)(B). Defendant may utilize the allegations in a complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). "If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002). "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Id*; *see Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

14. The jurisdictional minimum may be satisfied by Plaintiff's claim for punitive damages alone. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D.Cal. 2002) (Because punitive damages are available under FEHA, "the court may consider punitive damages when determining the amount in controversy."). Jury verdicts in single plaintiff discrimination cases often award punitive damages far in excess of the jurisdictional minimum, in some cases millions of dollars in punitive damages alone. *See, e.g., Steven Babyak v. Cardiovascular Systems, Inc.*, LEXIS 1168, JVR No. BC601259 (April 2017) ($22,400,000 punitive damage award); *Hudson v. Beverly Fabrics, Inc.*, LEXIS 140, JVR No. CV182035 (March 2018) ($1,100,000 punitive damage award); *Blanca Ramirez v. Jack in the Box, Inc.*, LEXIS 121707, JVR No. BC593619 (June 2019) ($10,000,000 punitive damage award); *Patricia Anne T. Samson v. Wells Fargo Bank*, LEXIS 188969, JVR No. 2:16-cv-4839 (March 2020) ($400,000 punitive damage award); *see* collective jury verdicts attached as Exhibit "AA" to Abdolhosseini Decl. Even when the jury verdict cases involve distinguishable

- 4 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 –
Case No. _____

KYL4882-8755-3030.1

facts, courts have found that the defendant may nevertheless meet its burden when the jury verdicts "amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D.Cal. 2002). Here, Defendant strongly disputes any liability to Plaintiff. However, it is clear from the foregoing, that there is potential for more than the jurisdictional minimum.

15. Similarly, the jurisdictional minimum may be satisfied by Plaintiff's claim for emotional distress damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered . . . emotional distress damage awards in similar age discrimination cases."). Jury verdicts in discrimination cases have awarded $575,000 in emotional distress alone. *See, e.g., Anthony Lave v. Charter Communications, LLC et al.*, LEXIS 8877, JVR No. RIC1508865 (May 2017) ($575,000 in emotional distress damages); *see* collective jury verdicts attached as Exhibit "AA" to Abdolhosseini Decl. Accordingly, without conceding the merits of Plaintiff's claims, these jury verdicts indicate that emotional distress damages in a successful employment discrimination case may be substantial.

16. The court must calculate the prospective compensatory damages when calculating the amount in controversy. Here, Plaintiff alleges she made $14.02 per hour while employed by Defendant. *See* Complaint, ¶ 5. Presuming Plaintiff worked for twelve (12) weeks a year, at approximately fifty (50) hours per week, her lost wages would equate to approximately $9,253.23 annually. *See* Foote Decl., ¶¶ 5–6.

17. Finally, because attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA, the court may also consider attorneys' fees when calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); Cal Gov't Code § 12965. Here, Plaintiff asserts six (6) causes of action against Defendant for alleged discrimination and wrongful termination. *See* Complaint, generally. Jury verdicts in successful discrimination cases have awarded $400,800 in attorney fees. *See, e.g., Anthony Lave v. Charter Communications, LLC et al.*, LEXIS 8877, JVR No. RIC1508865 (May 2017) ($400,800 in attorney

- 5 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 – Case No. _____

KYL4882-8755-3030.1

fees); *see* collective jury verdicts attached as Exhibit "AA" to Abdolhosseini Decl. As such, attorneys' fees in a successful employment discrimination case may be substantial. *See e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."). Accordingly, the attorneys' fees that would accrue until this action is resolved must be included in the amount in controversy calculation as well.

18. In light of the above, the jurisdictional amount in controversy exceeds $75,000, such that the requirements for diversity jurisdiction are satisfied.

### REMOVAL IS TIMELY

19. Under 28 U.S.C. §1446(b), defendants may remove within 30 days after receipt of the initial pleading setting forth the claim for relief on which the action or proceeding is based.

20. Plaintiff served Defendant with Summons and Complaint on November 22, 2021. *See* Abdolhosseini Decl., ¶ 4, and Exhibit "2."

21. This Notice of Removal is therefore filed within thirty (30) days after receipt by Defendant of the initial pleading upon which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b). *See* Abdolhosseini Decl., ¶¶ 4, 7.

### THE VENUE IS PROPER

22. Plaintiff filed the State Court Action in the Superior Court of the State of California, in and for the County of San Joaquin.

23. Pursuant to 28 U.S.C. section 1446(a) (which states that venue lies in the district and division in which the state court proceeding is pending), Defendant is removing this case to the United States District Court for the Eastern District of California, which is the district and division in which the State Court Action is pending. *See* Abdolhosseini Decl., ¶ 8.

///

- 6 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 –
Case No. _____

KYL4882-8755-3030.1

¶ 9 and Exhibit "4," attached without exhibits, which are incorporated fully in the federal removal documents) and being served on Plaintiff Exhibit "5" (*see* Abdolhosseini Decl., ¶ 9 and Exhibit "5," attached without exhibits, which are incorporated fully in the federal removal documents).

WHEREFORE, Defendant hereby removes San Joaquin County Superior Court Case No. STK-CV-UWT-2021-0010590 to the United States District Court for the Eastern District of California.

DATED:  December 21, 2021

/S/Chirstopher A. Stecher
CHRISTOPHER A. STECHER
MICHELLE L. ABDOLHOSSEINI
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
CAMPBELL SOUP SUPPLY COMPANY LLC

- 7 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 – Case No. _____

KYL4882-8755-3030.1