EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAMPBELL SOUP SUPPLY COMPANY L.L.C., a Delaware Limited
Liability Company, and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GLENISH WALLICK, an individual,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **RECEIVED** |
| 2021-11-16 13:36:25 |
| NOV 1 6 2021  TH |
| Filed _____ |
| BRANDON E. RILEY, CLERK |
| By _____ |
| DEPUTY |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stockton Courthouse

STK-CV-UWT-2021-10570

180 E. Weber Ave 2nd Floor
Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman: 5743 Corsa Ave, Suite 123, Westlake Village, CA 91362; (818)293-5623

| DATE: | NOV 1 6 2021 | BRANDON E. RILEY | Clerk, by | _____ | Deputy |
| --- | --- | --- | --- | --- | --- |
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Campbell Soup Supply Company, L.L.C.

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☑ other *(specify)*: LLC
4. ☑ by personal delivery on *(date)*: NOV 2 2 2021

[SEAL] SUPERIOR COURT SAN JOAQUIN COUNTY CALIFORNIA

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

1  Roman Otkupman, CSBN 249423
   *Roman@OLFLA.com*
2  OTKUPMAN LAW FIRM, A LAW CORPORATION
   5743 Corsa Ave, Suite 123
3  Westlake Village, CA 91362
   Telephone: (818) 293-5623
4  Facsimile: (888) 850-1310

5  Attorneys for Plaintiff,
   Glenish Wallick

6

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
2021-11-16 13:36:25
**Clerk: Taylor Hiedeman**

**Case Management Conference**
**05/17/2022 08:45 AM in 10B**

**STK-CV-UWT-2021-0010590**

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                     **COUNTY OF SAN JOAQUIN**

9  GLENISH WALLICK, an individual,          CASE NO.

10              Plaintiff,                   **COMPLAINT FOR DAMAGES:**

11      vs.                                  1. **DISABILITY DISCRIMINATION**
                                                **IN VIOLATION OF THE FEHA**
12                                              **(CAL. GOV. CODE § 12940 ET**
   CAMPBELL SOUP SUPPLY COMPANY                **SEQ.);**
13 L.L.C., a Delaware Limited Liability Company,
   and DOES 1 through 100, inclusive.       2. **FAILURE TO ACCOMMODATE IN**
14                                              **VIOLATION OF THE FEHA (CAL.**
              Defendants.                       **GOV. CODE § 12940(m));**
15

16                                           3. **FAILURE TO ENGAGE IN A**
                                                **GOOD FAITH INTERACTIVE**
17                                              **PROCESS IN VIOLATION OF THE**
                                                **FEHA (CAL. GOV. CODE §**
18                                              **12940(n));**

19                                           4. **FAILURE TO TAKE**
                                                **REASONABLE STEPS TO**
20                                              **PREVENT DISCRIMINATION,**
                                                **RETALIATION IN THE WORK**
21                                              **PLACE IN VIOLATION OF THE**
                                                **FEHA (ACT GOV. CODE §**
22                                              **12940(k));**

23                                           5. **RETALIATION IN VIOLATION OF**
                                                **THE FEHA (CAL. GOV. CODE §**
24                                              **12940(h));**

25                                           6. **WRONGFUL TERMINATION IN**
                                                **VIOLATION OF PUBLIC POLICY**
26                                              **AND FEHA (CAL. GOV. CODE**
                                                **§ 12940 ET SEQ);**

                                             **REQUEST FOR JURY TRIAL**

PLAINTIFF, Glenish Wallick, complains and alleges as follows:

## GENERAL ALLEGATIONS

### (Against Defendant and all DOE Defendants)

1.      At all times herein mentioned, Plaintiff Glenish Wallick, is and was a resident of the City of Stockton, State of California.

2.      At all times herein mentioned, Defendant Campbell Soup Supply Company, L.L.C. and Does 1-100 (hereinafter also referred to as "Defendant"), is licensed to do business within the City of Modesto, County of Stanislaus. Defendant employed the Plaintiff at 760 Industrial Dr., Stockton, CA 95206. Plaintiff is informed and believes that said Defendant employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3.      The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4.      Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5.      Plaintiff began working for Defendant on or about August 8, 2020. While working for Defendant as a Sorter, Plaintiff was earning approximately $14.02 per hour. Plaintiff's primary job responsibilities included sorting products efficiently, monitoring and excluding defective items on the conveyer belt.

6.      Throughout her employment with Defendant, Plaintiff was a diligent worker.

7.      Plaintiff suffers from Diabetes, High Blood Pressure and Thyroid. While Plaintiff was working for Defendant Plaintiff was on prescribed medication to care for her illness and required periodic medical attention. Thus, Plaintiff's chronic illness causes her to suffer from flare-ups including symptoms of dizziness, nausea, and vommiting.

8.      On or about September 12, 2020, Plaintiff felt ill as a result of her medical condition

as described above. Plaintiff was feeling nauseous, dizzy and vomiting. Plaintiff informed her manager, Maria (last name unknown) of her condition. Plaintiff sought medical attention from a physician. Plaintiff was diagnosed with High Blood Pressure and a Migraine. Plaintiff was further placed off work for one day.

9.      On or about September 13, 2020, as soon as it was practicable due to the severity of Plaintiff's illness and her severe symptoms, as described above, Plaintiff contacted the employee hotline and Defendant's Human Resources and informed them of her inability to come in to work as a result of her medical conditions. Plaintiff informed Human Resources that she will be submitting a medical note.

10.      Rather than accommodating Plaintiff's serious medical conditions, Defendant retaliated against Plaintiff by terminating her employment on September 13, 2020, for pretextual reasons.

11.      The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendant acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about September 3, 2021, Plaintiff exhausted her administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

<strong>VENUE AND JURISDICTION</strong>

12.      Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

<strong><u>FIRST CAUSE OF ACTION</u></strong>

<strong>DISABILITY DISCRIMINATION IN VIOLATION OF THE</strong>

<strong>FAIR EMPLOYMENT AND HOUSING ACT</strong>

<strong>California Government Code § 12940 et seq.</strong>

(Against Defendant and all DOE Defendants)

13.      Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

14.      The actions of Defendants, as described in this Complaint, constitute unlawful discrimination on the basis of Plaintiff's disability.

15.      Plaintiff alleges that her that her serious health conditions of Diabetes, High

Blood Pressure, Thyroid, and Migraine, which prevented and/or substantially limited Plaintiff from engaging in major life activities, was a physical disability.

16.    At all times herein mentioned, Plaintiff was regarded as being disabled and suffering from a disability, and at all relevant times, Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

17.    Plaintiff brings this cause of action for disability discrimination and termination of employment because of such disability. Furthermore, though Plaintiff's need for an accommodation was clearly communicated to her manager, Maria (last name unknown), Defendant's Human Resources, Defendant's employee hotline. it was blatantly ignored and Plaintiff was ultimately terminated.

18.    Plaintiff alleges that she was discriminated against by the Defendants, named in this cause of action, as follows:

   a.    firing Plaintiff for her disability;

   b.    firing Plaintiff in retaliation for needing accommodation for her disability;

   c.    generally not wanting Plaintiff to work at the Defendants because Plaintiff had suffered a serious disability which Defendants perceived as a disability, and by perceiving said disability, Defendants anticipated they would have to pay extra costs in reasonably accommodating Plaintiff, and as a result, said Defendants retaliated against Plaintiff, and terminated her to avoid providing any reasonable accommodations and to avoid any perceived extra medical costs associated with Plaintiff's disability. The discrimination impeded Plaintiff's progress and the enjoyment of her employment with Defendants. The discriminatory work environment existed on a continuing and ongoing basis up to Plaintiff's termination.

19.    Defendants knew (or should have known) of the discriminatory work environment and conduct against Plaintiff but did nothing to prevent or stop the discrimination.

20.    Defendants' disability discrimination as described in this Complaint violates the Fair Employment and Housing Act as promulgated in California Government Code Section 12940 et. seq., and other state and federal statutes which prohibit discrimination in employment, including the California Constitution and the Civil Rights Act as amended.

21.    As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court,

1  the exact amount to be proven at trial. Such damages include:

2       a.    loss of salary and other valuable employment benefits;

3       b.    prejudgment interest and interest on the sum of damages at the legal rate; and

4       c.    other consequential damages, including damages for shame, humiliation, mental
            anguish and emotional distress caused by the conduct of Defendants.

5
6       22.    In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code Section 12965(b).

7       23.    The grossly reckless, and/or intentional, malicious, and bad faith manner in

8  which said Defendants named in this cause of action, and each of them, engaged in those acts

9  as described in this cause of action by willfully violating those statutes enumerated in this

10  cause of action and terminating Plaintiff for having said disability, including Defendants'

11  willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an

12  amount within the jurisdiction of this court, to be ascertained by the fact finder, that is

13  sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct

14  again, and to make an example of them to others.

15       24.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous

16  conduct of said Defendants named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those

17  other individuals who were managing agents of said Defendants. These unlawful acts were

18  further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's

19  rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff

20  is entitled to punitive or exemplary damages against said Defendants, for their acts as described in this cause of action in a sum to be determined at the time of trial.

21       25.    Because the wrongful acts against Plaintiff were carried out, authorized or

22  ratified by said Defendants' directors, officers and/or managing agents, acting with malice,

23  oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff

24  seeks punitive damages against Defendants in order to deter them from such and similar

25  conduct in the future.

26  ///
///
///

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE

### FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(m)

(Against Defendant and all DOE Defendants)

26. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff is and all times mentioned herein was, qualified and able to hold a position with Defendants.

28. Defendants never offered Plaintiff reasonable accommodation in spite of Defendant's legal duty. Plaintiff requested reasonable accommodation in the form of time off to care for her medical conditions and medical attention for her disabilities. Defendants failed to accommodate Plaintiff's reasonable request.

29. Furthermore, Plaintiff alleges that in spite of Defendants' legal duty, Defendants never offered any accommodation to Plaintiff prior to Plaintiff's termination.

30. As a proximate result of Defendants' conduct, Plaintiff has suffered damage in an amount subject to proof, but which are in excess of the jurisdiction minimum of this Court and which include but are not limited, accrued but unpaid salary, bonuses and benefits, front pay, back pay, severance pay, and damages for emotional distress.

31. The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendants' willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of them to others.

32. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the

intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

33.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants in order to deter them from such and similar conduct in the future.

34.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(n)

(Against Defendant and all DOE Defendants)

35.    Plaintiff incorporates and realleges by references all previous paragraphs of this Complaint as if fully set forth herein.

36.    At all times herein mentioned the FEHA, Government Code Section 12940(n), was in full force and effect and binding on Defendants. These statutes required Defendants to engage in an interactive process in assessing the employee's disability in order to provide a reasonable accommodation. The Government Code Section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability.

37.    Plaintiff suffered from a disability and medical conditions during her employment at Defendants and all DOE Defendants. Plaintiff's injury manifested itself in a disability, which was disclosed to Defendant. Plaintiff alleges that Defendants did not engage in any interactive process with Plaintiff to determine the extent and nature of her medical conditions and whether her request for reasonable accommodation could be granted.

Subsequently, Defendants terminated Plaintiff's employment as a result of Plaintiff's disability.

38.   As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, by failing to provide Plaintiff with the requested reasonable accommodation concerning her medical conditions and actual and/or perceived disability, and by failing to engage in any interactive process, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damages in a sum according to proof.

39.   Defendants have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make example of it.

40.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

### FOURTH CAUSE OF ACTION

**FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, RETALIATION IN THE WORK PLACE IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

**California Government Code § 12940(k)**

(Against Defendant and all DOE Defendants)

41.   Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

42.   Plaintiff was discriminated against as described in this Complaint. Although Defendants knew or should have known of the discriminatory conduct, they failed and refused to take all the reasonable steps necessary to prevent the discrimination from occurring.

43.   Defendants failed or refused to take appropriate steps to abate or prevent discrimination in the workplace by failing to effectively enforce policy against unlawful discrimination, failing to thoroughly investigate complaints of discrimination, and failing to take prompt and appropriate disciplinary action against perpetrators of discrimination. On the contrary, Defendants implemented policies that promoted discrimination of Plaintiff based on her disability.

44. Defendants' conduct as described constitutes a violation of California Government Code Section 12940(k).

45. As a direct and proximate result of the acts of Defendants, Plaintiff has sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for her severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

46. In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code § 12965(b).

47. Further, because the wrongful acts against Plaintiff were carried out or ratified by directors, officers and/or managing agents of Defendants acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants, in order to deter them from such and similar conduct in the future.

## FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE
### FAIR EMPLOYMENT AND HOUSING ACT
### California Government Code § 12940(h)
(Against Defendant and all DOE Defendants)

48. Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

49. Government Code §12940(h) provides that it is unlawful for an employer or other entity covered by this part to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden" under the Fair Employment and Housing Act.

50. Plaintiff suffers from Diabetes, High Blood Pressure and Thyroid. While Plaintiff was working for Defendant Plaintiff was on prescribed medication to care for her illness and required periodic medical attention. Thus, Plaintiff's chronic illness causes her to suffer from flare-ups including symptoms of dizziness, nausea, and vommiting.

51. On or about September 12, 2020, Plaintiff felt ill as a result of her medical condition as described above. Plaintiff was feeling nauseous, dizzy and vomiting. Plaintiff informed her manager, Maria (last name unknown) of her condition. Plaintiff sought medical

1   attention from a physician. Plaintiff was diagnosed with High Blood Pressure and a Migraine.

2   Plaintiff was further placed off work for one day.

3       52.    On or about September 13, 2020, as soon as it was practicable due to the severity of

4   Plaintiff's illness and her severe symptoms, as described above, Plaintiff contacted the employee

    hotline and Defendant's Human Resources and informed them of her inability to

5   come in to work as a result of her medical conditions. Plaintiff informed Human Resources that she

6   will be submitting a medical note.

7       53.    Rather than accommodating Plaintiff's serious medical conditions, Defendant

8   retaliated against Plaintiff by terminating her employment on September 13, 2020, for

9   pretextual reasons.

        54.    Plaintiff is informed and believes and alleges that the reasons for Defendants

10  termination of Plaintiff was in retaliation of Plaintiff's disability.

11      55.    As a proximate result of Defendants willful, knowing and intentional retaliation

12  against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings,

13  humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum

14  according to proof.

15      56.    Defendants' acts as herein described were committed maliciously or

16  oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's

    right to work in an environment free from unlawful discrimination. Because the acts were

17  carried out by officers, directors and/or managing agents of Defendants in a despicable,

18  deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary

19  damages in a sum sufficient to punish and deter such future conduct.

20      57.    As a proximate result of the wrongful acts alleged, Plaintiff has been generally

21  and specially damaged in an amount to be proven at trial.

22      58.    Plaintiff requests an award of attorney's fees and costs of suit pursuant to

    Government Code §12965(b).

23  ///

24  ///

25  ///

26  ///

    ///

    ///

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND THE FAIR EMPLOYMENT HOUSING ACT

**California Government Code § 12940 et seq.**

(Against Defendant and all DOE Defendants)

59.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

60.     Plaintiff is informed, believes, and based thereon, alleges that said Defendants named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of the Fair Employment & Housing Act, (FEHA), and public policy by terminating Plaintiff on the basis of Plaintiff's disability. The conduct described in the above sentence violates the following statutes that affect society at large:

a.     under the FEHA, California Government Code §12940, which prohibits employers from terminating and discriminating against their employees in terms, conditions, and privileges of employment because of their disability;

b.     all other state statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated by said Defendants by retaliating, harassing, discriminating against Plaintiff.

61.     Plaintiff alleges that the Defendants, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendants terminated Plaintiff's employment in violation of public policy as such:

a.     by acting unlawfully in a manner that affects the California workplace by creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of her disability under California Government Code 12940, et seq.

62.     As a direct, foreseeable, and proximate result of the actions of said Defendants and all DOE Defendants, and each of them, named in this Cause of Action, as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for herself and her family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

63.     The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendant and DOES 1-100 conducted themselves as described in this cause of action by willfully violating those statutes and public policies numerated in the above Paragraphs, Plaintiff prays for punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of Defendants to others.

64.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, as described above, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendants' employees and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action, in a sum to be determined at the time of trial.

65.     Wherefore, Plaintiff requests relief as described below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that Judgment be entered in her favor and against Defendants and each of them as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.   For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3.   For costs of suit and attorney fees;

4.   For prejudgment and post judgment interest;

5.   For any other relief that is just and proper;

6.   For attorney's fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).


DATED: November 16, 2021          OTKUPMAN LAW FIRM, ALC


By: _____

Roman Otkupman
Attorneys for Plaintiff,
Glenish Wallick


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

DATED: November 16, 2021          OTKUPMAN LAW FIRM, ALC


By: _____

Roman Otkupman
Attorneys for Plaintiff,
Glenish Wallick

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

September 3, 2021

Roman Otkupman
5743 Corsa Avenue
Westlake Village, California 91362

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202109-14665803
Right to Sue: Wallick / Campbell Soup Supply Company L.L.C.

Dear Roman Otkupman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 3, 2021

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202109-14665803
       Right to Sue: Wallick / Campbell Soup Supply Company L.L.C.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 3, 2021

Glenish Wallick

,

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202109-14665803
      Right to Sue: Wallick / Campbell Soup Supply Company L.L.C.

Dear Glenish Wallick:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective September 3, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | Califonia's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Glenish Wallick                                                  DFEH No. 202109-14665803

                                    Complainant,

vs.

Campbell Soup Supply Company L.L.C.
,

                                    Respondents

---

**1.** Respondent **Campbell Soup Supply Company L.L.C.** is an **employer Campbell Soup Supply Company L.L.C.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Glenish Wallick**, resides in the City of , State of .

**3.** Complainant alleges that on or about **September 13, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Plaintiff began working for Defendant on or about August 8, 2020. While working for Defendant as a Sorter, Plaintiff was earning approximately $14.02 per hour. Plaintiff's primary job responsibilities included sorting products efficiently, monitoring and excluding defective items on the conveyer belt. Throughout her employment with Defendant, Plaintiff was a diligent worker. Plaintiff suffers from Diabetes, High Blood

-1-
*Complaint – DFEH No. 202109-14665803*

Date Filed: September 3, 2021

1   Pressure and Thyroid. While Plaintiff was working for Defendant Plaintiff was on prescribed
2   medication to care for her illness and required periodic medical attention. Thus, Plaintiff's
    chronic illness causes her to suffer from flare-ups including symptoms of dizziness, nausea,
3   and vomiting. On or about September 12, 2020, Plaintiff felt ill as a result of her medical
    condition as described above. Plaintiff was feeling nauseous, dizzy and vomiting. Plaintiff
4   informed her manager, Maria (last name unknown) of her condition. Plaintiff sought medical
    attention from a physician. Plaintiff was diagnosed with High Blood Pressure and a Migraine.
5   Plaintiff was further placed off work for one day. On or about September 13, 2020, as soon
6   as it was practicable due to the severity of Plaintiff's illness and her severe symptoms, as
    described above, Plaintiff contacted the employee hotline and Defendant's Human
7   Resources and informed them of her inability to come in to work as a result of her medical
    conditions. Plaintiff informed Human Resources that she will be submitting a medical note.
8   Rather than accommodating Plaintiff's serious medical conditions, Defendant retaliated
    against Plaintiff by terminating her employment on September 13, 2020, for pretextual
9   reasons.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
Date Filed: September 3, 2021

1

VERIFICATION

2

I, **Roman Otkupman**, am the **Attorney** in the above-entitled complaint. I have read
the foregoing complaint and know the contents thereof. The matters alleged are
based on information and belief, which I believe to be true.

3

4

On September 3, 2021, I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct.

5

6

**Westlake Village, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-
*Complaint – DFEH No. 202109-14665803*

28

Date Filed: September 3, 2021

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Roman Otkupman, Esq. Bar No. 249423
Otkupman Law Firm, ALC
5743 Corsa Ave, Suite 123
Westlake Village, CA 91362
TELEPHONE NO.: (818) 293-5623    FAX NO.: (888) 850-1310
ATTORNEY FOR *(Name):* Plaintiff Glenish Wallick

**Electronically Filed
Superior Court of California
County of San Joaquin
2021-11-16 13:36:25
Clerk: Taylor Hiedeman**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 180 E. Weber Ave 2nd Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Stockton Courthouse

**Case Management Conference
05/17/2022 08:45 AM in 10B**

CASE NAME:
Glenish Wallick v. Campbell Soup Supply Company, L.L.C.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: STK-CV-UWT-2021-0010590 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 16, 2021
Roman Otkupman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UWT-2021-0010590**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 05/17/2022 | Time: 8:45 AM Department: 10B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE ERIN GUY CASTILLO IN DEPARTMENT FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:       209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/divisions/civil/ .

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 11/16/2021                         _____ Taylor Hiedeman-FCE _____

,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**