1   CHRISTOPHER A. STECHER, CASB No. 215329
    christopher.stecher@kyl.com
2   MICHELLE L. ABDOLHOSSEINI, CASB No. 318028
    michelle.abdolhosseini@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   450 Pacific Avenue
    San Francisco, California  94133
5   Telephone:     (415) 398-6000
    Facsimile:     (415) 981-0136
6

7   Attorneys for Defendant
    CAMPBELL SOUP SUPPLY COMPANY LLC

8

9

10              **UNITED STATES DISTRICT COURT**

11              **EASTERN DISTRICT OF CALIFORNIA**

12

13

14  GLENISH WALLICK, an individual,          )   No. 2:21-cv-2392 KJM DB
                                             )
15                          Plaintiff,        )   **STIPULATED PROTECTIVE ORDER**
                                             )
16           vs.                              )
                                             )
17  CAMPBELL SOUP SUPPLY COMPANY             )
    L.L.C., a Delaware Limited Liability Company, )
18  and DOES 1 through 100, inclusive,        )
                                             )
19                          Defendants.       )
                                             )
20

21  1.      <u>PURPOSES AND LIMITATIONS</u>

22          Disclosure and discovery activity in this action are likely to involve production of confidential,

23  proprietary, or private information for which special protection from public disclosure and from use

24  for any purpose other than prosecuting this litigation may be warranted.  Pursuant to Local Rule

25  141.1(c)(2), there is a need to protect this type of evidence. Accordingly, the Plaintiff GLENISH

26  WALLICK ("Plaintiff") and Defendant CAMPBELL SOUP SUPPLY COMPANY LLC

27  ("Defendant") (collectively, the "Parties") hereby stipulate to and petition the court to enter the

28
                                    - 1 -

following Stipulated Protective Order (the "Protective Order").  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 10.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel, and their support staff.

2.2   "<u>Producing Party</u>" or "<u>Designating Party</u>":  a Party or third-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.3   "<u>Confidential Material</u>":  documents, materials, information, or testimony produced or given by the Defendant, voluntarily or pursuant to discovery or court proceedings, that contain trade secrets; confidential commercial information, research, or development; or information that is of a personal or private nature to any party and/or other third-party that qualifies for protection under Federal Rule of Civil Procedure 26(c).  If a Party believes in good faith that any document, materials, information, or testimony produced in this Action pursuant to pretrial discovery, court order, or agreement of the parties contain Confidential Material, it may designate such material accordingly by marking it "CONFIDENTIAL" or, if the material cannot be marked on its face (such as native Excel files), designating it as CONFIDENTIAL in a manner to be agreed upon by the Parties.

2.4   "<u>Confidential – Attorney's Eyes Only Material</u>":  any Confidential Material that a Designating Party believes in good faith that the disclosure of such material to another party or non-party would create a substantial risk of serious financial harm or other injury that cannot be avoided by less restrictive means.  Materials that contain (a) private information about Defendant or private

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

information about employees of Defendant and/or (b) highly sensitive business information that has not previously been disseminated to Plaintiff.  If a Party believes in good faith that any document, materials, information, or testimony produced in this Action pursuant to pretrial discovery, court order, or agreement of the parties contain "Confidential – Attorney's Eyes Only" material, it may designate such material accordingly by marking the document "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or, if the material cannot be marked on its face (such as native Excel files), designating it as CONFIDENTIAL in a manner to be agreed upon by the parties.

2.5    "Recipient" or "Receiving Party":  a Party (or a Party's counsel) who receives Confidential Material or other information from the Producing Party in discovery in this Action

2.6    "Challenging Party":  a Party or third-party that challenges the designation of information or items under this Protective Order.

2.7    "Protected Material":  any disclosure of material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order of the Court.

///

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or third-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify–so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure of material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

///

///

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

Designation in conformity with this Protective Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or (2) or identify by written notice to all counsel of record within ten (10) days after receipt of the written transcript from the court reporter.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or third-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

1    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

2    Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

3    expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the

4    Designating Party has waived the confidentiality designation by failing to file a motion to retain

5    confidentiality as described above, all Parties shall continue to afford the material in question the level

6    of protection to which it is entitled under the Producing Party's designation until the court rules on the

7    challenge.

8    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9        7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

10   produced by another Party or by a third-party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the

12   categories of persons and under the conditions described in this Protective Order.  When the litigation

13   has been terminated, a Receiving Party must comply with the provisions of Section 11 below, titled

14   "FINAL DISPOSITION."

15       Protected Material must be stored and maintained by a Receiving Party at a location and in a

16   secure manner that ensures that access is limited to the persons authorized under this Protective Order.

17       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by

18   the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19   information or item designated "CONFIDENTIAL" only to:

20           (a)    the Receiving Party's counsel of record in this action, as well as the officers,

21   directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this

22   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23           (b)    Experts of the Receiving Party to whom disclosure is reasonably necessary for

24   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25           (c)    the court and its personnel;

26

27

28

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

1          (d)      court reporters and their staff, professional jury or trial consultants to whom

2  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

3  Agreement to Be Bound" (Exhibit A);

4          (e)      during their depositions, witnesses in the action to whom disclosure is

5  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

6  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

7          (f)      the author or recipient of a document containing the information or a custodian

8  or other person who otherwise possessed or knew the information.

9  8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Protective Order, the

12  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

13  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

14  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

15  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

16  Bound" that is attached hereto as Exhibit A.

17  9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

18         MATERIAL

19         The inadvertent or unintentional failure by a Producing Party to designate specific documents

20  or materials as containing Confidential Material or Confidential – Attorney's Eyes Only Material

21  shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to such

22  documents or materials.  Upon notice to any Party of such failure to designate, the other Party shall

23  cooperate to restore the confidentiality of the inadvertently disclosed information.

24         When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

25  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

26  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to

27  modify whatever procedure may be established in an e-discovery order that provides for production

28

- 8 -

1  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

2  Parties reach an agreement on the effect of disclosure of a communication or information covered by

3  the attorney-client privilege or work product protection, the Parties may incorporate their agreement in

4  the stipulated protective order submitted to the Court.

5  10.   <u>MISCELLANEOUS</u>

6        10.1   <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any

7  person to seek its modification by the court in the future.

8        10.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order

9  no Party waives any right it otherwise would have to object to disclosing or producing any

10  information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives

11  any right to object on any ground to use in evidence of any of the material covered by this Protective

12  Order.

13        10.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a

14  court order secured after appropriate notice to all interested persons, a Party may not file in the public

15  record in this action any Protected Material.  A Party that seeks to file under seal any Protected

16  Material must comply with Local Rule 141.  Protected Material may only be filed under seal pursuant

17  to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local

18  Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at

19  issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a

20  Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by

21  the Court, then the Receiving Party may file the information in the public record unless otherwise

22  instructed by the Court.

23  11.   <u>FINAL DISPOSITION</u>.

24        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

25  Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As

26  used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

27  summaries, and any other format reproducing or capturing any of the Protected Material.

28

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

1    Notwithstanding this provision, the Parties' Counsel are entitled to retain an archival copy of all

2    pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

3    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

4    product, even if such materials contain Protected Material.  Any such archival copies that contain or

5    constitute Protected Material remain subject to this Protective Order as set forth in Section 4, titled

6    "DURATION."

7

8    **IT IS SO STIPULATED**

9

10

11   DATED:  May 19, 2022                              /s/ Nidah Farishta
                                                       ROMAN OTKUPMAN
12                                                     NIDAH FARISHTA
                                                       Attorneys For Plaintiff
13                                                     GLENISH WALLICK

14

15

16   DATED:  May 19, 2022                              /s/ Michelle Abdolhosseini
                                                       CHRISTOPHER A. STECHER
17                                                     MICHELLE L. ABDOLHOSSEINI
                                                       KEESAL, YOUNG & LOGAN
18                                                     Attorneys for Defendant
                                                       CAMPBELL SOUP SUPPLY COMPANY LLC
19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], acknowledge that I have read in its entirety and understand the Protective Order in the case before the United States District Court for the Eastern District of California, captioned *Glenish Wallick v. Campbell Soup Supply Company LLC*, Case No. 2:21-cv-2392 KJM DB (the "Action").  I agree to comply with and to be bound by all the terms of this Protective Order and agree that the material covered by this Protective Order shall be used exclusively for the purposes of this Action and I understand and that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the Court for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

## **ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1

6.  The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: May 20, 2022

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER – Case No. 2:21-cv-2392 KJM DB
KYL4893-9883-3183.1